UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JOSIAH NIXON ]
    Plaintiff, ]
 ]
v. ] No. 3:16-2479
 ] Chief Judge Sharp
RAY CROUCH, et al. ]
    Defendants. ]

# **M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is a pre-trial detainee at the Stewart County Detention Facility in Dover, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against Ray Crouch, a Stewart County prosecutor; and the Stewart County Sheriff's Office; seeking his release from custody and damages.

In May, 2016, the plaintiff was arrested on drug related charges. His family posted bond for him and he was released from custody. Later, though, he was arrested again and taken into custody. The plaintiff claims that he is being held in custody illegally.

The defendant, Ray Crouch, enjoys immunity for conduct within the scope of his prosecutorial duties. Imbler v. Pachtman, 424 U.S. 409, 430 (1976). There are no factual allegations suggesting that, as a prosecutor, he was acting beyond the scope of his prosecutorial duties. Thus, this defendant is absolutely immune from any liability for damages.

The plaintiff has also named the Stewart County Sheriff's Office as a defendant. A county sheriff's department is not a "person" subject to liability under § 1983. Petty v. County of Franklin,

1

Ohio, 478 F.3d 341, 347 (6th Cir. 2007). Of course, giving this *pro se* pleading a liberal construction, the Court could construe the complaint as an attempt to state a claim against Stewart County. However, for Stewart County to be liable, the plaintiff would have to allege and prove that his constitutional rights were violated pursuant to a "policy statement, ordinance, regulation or decision officially adopted and promulgated" by the county. Monell v. Department of Social Services, 436 U.S. 658, 689-690 (1978). No such allegation appears in the complaint. Therefore, the plaintiff has failed to state a claim against the county for which relief can be granted.

The plaintiff has failed to state a claim against the defendants for which relief can be granted. Under such circumstances, the Court is obliged to dismiss this action *sua sponte*. 28 U.S.C. § 1915(e)(2)(B)(iii).

An appropriate order will be entered.

_____
Kevin H. Sharp
Chief District Judge